■ R D MANAGEMENT CORP., Respondent, v US-1 HUNTINGTON AUTO PARTS, INC., et al., Appellants. [632 NYS2d 916] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about July 13, 1994, unanimously affirmed for the reasons stated by Cahn, J., without costs and disbursements. No opinion. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.

■ CHRYSANTHE EDEY, Appellant, v HELENE FULD SCHOOL OF NURSING, Respondent. [632 NYS2d 914] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered June 20, 1994, unanimously affirmed for the reasons stated by Lowe, J., without costs and disbursements. No opinion. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.

■ In the Matter of 157 PUB, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [633 NYS2d 24] —Determination of respondent New York State Liquor Authority dated April 5, 1994, suspending petitioner's on-premises liquor license for 40 days (30 forthwith, 10 days deferred) and imposing $1,000 bond forfeiture, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stanley Parness, J.], entered July 27, 1994) is dismissed, without costs.

Substantial evidence supports respondent's finding that petitioner sold an alcoholic beverage to an underage undercover police cadet without asking for identification in violation of Alcoholic Beverage Control Law § 65 (1). The officer's description of the bartender who served the beverage raised an issue of credibility to be determined by the finder of fact (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444). We have considered petitioner's other arguments, including that the penalty is excessive, and find them to be without merit. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.